## No. 6270.

### Mrs. M. A. Laloire et al. vs. P. S. Wiltz & Co.

The pledgee of a mortgage note, who violates the contract of pledge by pledging the note to a third person, is responsible to the owner of the note for the full amount of the note, unless he clearly proves that the note was worth less than its face. Whoever *actively* violates a contract, need not be put in default.

| 29 | 329 |
|---|---|
| 50 | 89 |
| 29 | 329 |
| 106 | 577 |
| 29 | 329 |
| 119 | 40 |

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

*Edward Phillips*, for plaintiff and appellee.

*F. D. Chretien*, for defendants.

The opinion of the court was delivered by

Spencer, J. The plaintiff, Mrs. Laloire, being indebted to defendants in the sum of $2721, with eight per cent interest from April 20, 1873, gave to them in pledge a note of F. Bérard for four thousand dollars, bearing eight per cent interest from the thirtieth of December, 1872, and due first of December, 1873. The act of pledge bears date the tenth day of April, 1873.

The defendants being in need of money, in their turn pledged this four-thousand-dollar note (which was secured by joint mortgage and vendor's privilege on a plantation in St. Martin) to the New Orleans Mutual Insurance Association for its full amount to secure a loan of twelve thousand dollars, without advising the company of the nature of their title or limiting their pledge of it to the amount of their debt against plaintiffs. P. S. Wiltz & Co. soon after failed, and the insurance company disposed of the note to Hambro & Son, of London, *in absolute property*, and these last, through their agent, Halsey, foreclosed the mortgage and bought the plantation.

Plaintiff brings this suit against P. S. Wiltz & Co. to recover the excess of the pledged note over the amount of her indebtedness.

Defendants answer by a general denial, and plead that plaintiff has not put them in default; that plaintiff has never paid or offered to pay her indebtedness to them; that they had a right to pledge the four-thousand-dollar note, and did so in good faith.

There was judgment for plaintiff, and defendants appeal.

Conceding for the sake of argument that defendants had a right to pledge the note held by them in pledge, they certainly had no right to pledge a greater interest therein than they had themselves. By their pledge to the insurance company *they put it out of the power* of themselves or the plaintiff to redeem the note by paying the $2724 for which it was pledged to defendants. The defendants *actively* violated the contract of pledge, and there was no necessity of putting them in default. O. C. C. 1926, 1905, No. 3.

The defendants having disposed of the pledge in violation of their contract, can not avoid liability for its amount by indefinite statements of witnesses that the property mortgaged and sold to pay the note did not bring the amount of it. The maker of the note may be perfectly responsible outside of the mortgaged property, and defendants have put it out of their power to return the pledge. If the note pledged was not worth what it called for, the onus of proving it was on defendants. We find no proof of that fact at all satisfactory.

We think there is no error in the judgment of the court below, which is accordingly affirmed with costs of both courts.